IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | |
|---|---|
| JAMES D. BINGMAN, | Cause No. CV 06-90-BU-SEH-RKS |
| Petitioner, | |
| vs. | ORDER and<br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, Warden, Montana<br>State Prison, and the ATTORNEY<br>GENERAL OF THE STATE OF MONTANA | |
| Respondent. | |

_____

This matter is before the Court on a petition for writ of habeas corpus filed by Petitioner, a state prisoner proceeding pro se, pursuant to 28 U.S.C. § 2254. Petitioner was granted leave to proceed in forma pauperis on January 16, 2007. He challenges his designation as a persistent felony offender following his November 9, 2001, conviction in Montana's Eighteenth Judicial District Court, Gallatin County, for driving under the influence. This Court has jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254.

On September 4, 2007, Petitioner was ordered to show cause why he failed to file his petition within the one-year federal statute of limitations, 28 U.S.C. § 2244(d). He responded on October 3, 2007, and submitted additional evidence to support his claim for equitable tolling on January 8, 2008. On the same date, he moved for the appointment of counsel.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

**I. Background and Petitioner's Allegations**

Although Petitioner has set forth four grounds for relief in his petition, the crux of his claims is that the courts of the State of Montana enhanced his 2001 sentence based on what he claims is an unconstitutional 1986 judgment. See Pet. (doc. 1) at 5-8, ¶¶ 15A-D.

Petitioner was convicted in 1986 of felony assault and witness tampering. On September 22, 1986, he was sentenced to serve ten years in prison for the felony assault and five years for witness tampering, with those sentences to run concurrently. Pursuant to Mont. Code Ann. § 46-18-221(1) (1985), he was also sentenced to an additional ten-year term in prison because he used a weapon in committing the assault. In total, therefore, he was sentenced to serve twenty years in prison. He did not appeal or challenge the 1986 judgment either directly or collaterally. Under the day-for-day good time law that was in effect at the time, Petitioner discharged his sentences and was released from prison in 1997. See Opinion at 2-3, ¶¶ 4-5, Bingman v. State, No. 04-146 (Mont. Nov. 1, 2005).[1]

In 1999, the Montana Supreme Court held that sentencing a person convicted of felony assault to a ten-year consecutive term for use of a weapon violated the Montana Constitution's Double Jeopardy Clause. The court reasoned that felony assault, by definition, required proof of use of a weapon in order to elevate an assault offense from a misdemeanor to a felony. See State v. Guillaume, 975 P.2d 312, 316 ¶ 16 (Mont. 1999). The Guillaume court "refuse[d] to march lock-step with the United States Supreme Court" and held that the Montana Constitution "affords greater protection against multiple punishments for the same offense than does the Fifth Amendment to the

---

[1] This document is included with the Petition. It is available only in paper form. Petitioner bound his documents together, and only the Petition itself was extracted from the binding, scanned, and entered in the electronic docket.

United States Constitution." Id.

On August 28, 2001, Petitioner was convicted of a felony DUI offense. Because he had been released from prison on his prior convictions in 1997 – less than five years before he committed the felony DUI offense in 2000 – he was eligible to be designated as a persistent felony offender. See Mont. Code Ann. § 46-18-501(2) (1999). He was ultimately sentenced to serve twenty years in prison, with ten suspended, as a persistent felony offender, and, on the DUI conviction, he was sentenced to serve thirteen months in the custody of the Department of Corrections, followed by four years on probation, with the sentences to run consecutively. After sentencing, Petitioner filed motions to stay the sentence pending appeal and to reconsider the sentence. The District Court denied the motions. See State v. Bingman, 61 P.3d 153, 157 ¶¶ 15-16 (Mont. 2002).

Petitioner appealed. The Montana Supreme Court affirmed the sentence. It noted that Petitioner had not asserted Guillaume error in the District Court, either before sentencing, at sentencing, or in the motions he filed after sentencing, and, consequently, it declined to address the Guillaume issue for the first time on appeal. Id. at 391 ¶¶ 57-58.

Petitioner then filed a petition for post-conviction relief. He argued that the persistent felony offender designation was invalid because Guillaume rendered his ten-year consecutive sentence for use of a weapon unconstitutional. The District Court construed the petition as a challenge to the 1986 judgment and denied the petition as untimely. Petitioner appealed. On November 1, 2005, the Montana Supreme Court affirmed. See Opinion at 7, ¶ 16, Bingman, No. 04-146. Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court. It was denied on May 15, 2006. See Bingman v. Montana, __ U.S. __, 126 S. Ct. 2038 (2006).

On December 20, 2006, Petitioner signed his federal habeas petition. See Pet. at 9, Declaration ¶ C; Houston v. Lack, 487 U.S. 266, 270 (1988). On September 4, 2007, he was given an opportunity to explain why his federal petition should not be barred by the one-year federal statute of limitations. See Order (doc. 9) at 4. He responded on October 3, 2007.

## II. Analysis

The Court will make no decision on the timeliness of Petitioner's filing in this Court.[2] However, it is clear that he cannot obtain relief in this action.

To obtain federal habeas relief, a petitioner who challenges a State judgment[3] must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Additionally, Petitioner may obtain relief on the merits of a claim only if the state court's denial of it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court's denial was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

### A. First Claim

Petitioner claims that "[t]he prior 1986 crime is unconstitutional, may not be used, to enhance by way of Persistent Felony Offender." Pet. at 5, ¶ 15A(1). The 1986 judgment is alleged to be

---

[2] Petitioner states that he was fifty days late. See Pet'r Br. (doc. 14) at 1. Actually, he was one year and fifty days late. However, Petitioner offers a medical excuse, supported by records and affidavits, for his delay in filing. An evidentiary hearing might be required to resolve that issue. The Court need not decide that question, because the Petition and supporting documents conclusively show that Petitioner is not entitled to relief. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

[3] The term "judgment" is intended to refer to the conviction or the sentence, interchangeably. Nothing of legal significance hinges on whether Petitioner is said to be challenging his conviction or his sentence. See Opinion at 9-10, ¶ 21, Bingman, No. 04-146 (Cotter, J., dissenting).

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

unconstitutional only under state law, not under federal law. Petitioner could not allege that it is unconstitutional under federal law, as Guillaume explicitly recognized that the United States Constitution was not implicated in the Montana Supreme Court's analysis. See Guillaume, 975 P.2d at 316 ¶ 16.

There is no federal law prohibiting use of any judgment that is unconstitutional under state law to enhance a subsequent state sentence, and federal habeas relief is not available for violations of state law. See Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403-04 (2001); Nunes v. Ramirez-Palmer, 485 F.3d 432, 443 (9th Cir. 2007). Petitioner's first claim fails to allege a violation of federal law and should be dismissed.

**B. Second Claim**

Petitioner claims that the Montana Supreme Court erred in recharacterizing his postconviction petition as a collateral attack on the 1986 judgment, rather than accepting it, as he characterized it, as a collateral attack on the 2001 judgment. See Pet. at 6, ¶ 15B(1). No federal law required the Montana Supreme Court to address Petitioner's claim in the terms in which he presented it. Even if the Montana Supreme Court could have addressed Petitioner's claim as he asked, it was neither an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" nor an "unreasonable application" of federal law, 28 U.S.C. § 2254(d)(2), (1), for the court to decline to do so. Therefore, federal habeas relief is not available on the basis of the Montana Supreme Court's recharacterization of Petitioner's claim. Petitioner's second claim fails to allege a violation of federal law and so should be dismissed.

**C. Third Claim**

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

Petitioner alleges that the State may not "open the door" by relying on the 1986 judgment to impose a persistent felony offender designation while at the same time closing the door to his ability to challenge that conviction and sentence. Federal law, however, does not require the States to provide *any* opportunity to challenge the validity of a conviction or sentence, see, e.g., Griffin v. Illinois, 351 U.S. 12, 18 (1956) (no federal constitutional right to direct appeal); Pennsylvania v. Finley, 481 U.S. 551, 558 (1987) (no federal constitutional right to postconviction relief), much less an *endless* opportunity to do so. In Lackawanna County, the United States Supreme Court held that there need not be a federal remedy for petitioners who assert that a current state sentence was enhanced on the basis of an unconstitutional prior state conviction:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403-04 (internal citation omitted). See also Nunes, 485 F.3d at 443. If Petitioner could invoke federal law to compel the State courts to redress any conviction allegedly obtained in violation of federal law, Lackawanna County could not have been decided the way it was. And in this case, Petitioner alleges that the 1986 judgment is unconstitutional under *state* law.

The Lackawanna County Court recognized that an exception might be made if "a state court . . . without justification . . . refuse[s] to rule on a constitutional claim that has been properly presented to it." 532 U.S. at 405. But the Montana Supreme Court did not "refuse to rule" on Petitioner's claim. It did not rule as Petitioner urged it to rule. It denied the claim on direct appeal because Petitioner did not give the District Court an opportunity to rule on the Guillaume issue at

sentencing. See Bingman, 61 P.3d at 164 ¶¶ 57-58. It denied the claim on postconviction appeal because it decided that Petitioner's claim was more accurately characterized as a challenge to the 1986 judgment, rather than a challenge to the 2001 judgment. Moreover, although reasonable jurists may disagree with the majority's characterization, see Opinion at 8-10, ¶¶ 17-23, Bingman, No. 04-146 (Cotter, J., dissenting), no federal or state law required the Montana Supreme Court to hold that Petitioner's Guillaume claim was "properly presented to it."[4] Petitioner's third claim fails to state claim under federal law and should be dismissed.

### D. Fourth Claim

Finally, Petitioner contends that the State has never attempted to argue that the 1986 judgment was constitutional under state law, so that the Montana Supreme Court's decision violated its own rule that an unconstitutional conviction may not be used to enhance a later conviction.[5]

This claim fails because the Montana Supreme Court reasoned that Petitioner would not be entitled to relief *even if* the 1986 judgment was unconstitutional. The majority held:

> Bingman's argument rests solely on speculation. Even if we were to assume, *arguendo*, that the additional ten year sentence imposed in 1986, for use of a weapon, was unconstitutional for purposes of applying the persistent felony offender statute, the fact remains that Bingman was also sentenced to ten years for the felony assault. There is no way to now know whether Bingman would have been released in less

---

[4] Petitioner was not without recourse under state law. He could have claimed, in his state postconviction petition, that his counsel was ineffective for failing to raise Guillaume error in the District Court at sentencing. Had he done so, he would unambiguously have been challenging the constitutional validity of the 2001 judgment. However, he did not make that claim in state court, and he does not make it here. He could not make the claim now without running afoul of the one-year statute of limitations. See Mayle v. Felix, 545 U.S. 644, 651 (2005) ("[a]n amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

[5] The rule is that a prior conviction is presumed valid and may support enhancement of a sentence unless the defendant shows by direct (i.e., non-circumstantial) evidence that there was an irregularity in the prior proceedings. See, e.g., State v. Smerker, 136 P.3d 53, 550 ¶ 36 (Mont. 2006). The fact remains, however, that Petitioner's claim was dismissed on direct appeal because he failed to raise it in the District Court.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

> than ten years. . . . In addition, had the sentence enhancement for use of a weapon not been available, the District Court might well have made the five year sentence for witness tampering consecutive. Thus, even if the Court were to now, nineteen years later, accept Bingman's argument that the ten year enhancement of his 1986 assault sentence cannot be used to designate him a persistent felony offender, he cannot establish that he would have been released more than five years before his DUI offense in 2000.

Opinion at 4-5, ¶ 11, Bingman, No. 04-146.

Nothing in this conclusion is "contrary to, or . . . an unreasonable application of, clearly established Federal law." Nor is there an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Consequently, Petitioner is not entitled to federal habeas relief. See 28 U.S.C. § 2254(d)(1), (2).

### E. Conclusion

The petition and supporting documents conclusively show that Petitioner is not entitled to relief. The petition should be denied.

### III. Motion for Appointment of Counsel

An indigent petitioner is entitled to counsel if the Court authorizes discovery and counsel is necessary for the effective use of discovery, see Rules Governing Section 2254 Cases Rule 6(a), or if an evidentiary hearing is warranted, see id. Rule 8(c). A district court must also appoint counsel "when the case is so complex that due process violations will occur absent the presence of counsel." Bonin v. Vasquez, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)). "[W]hen a district court properly declines to hold an evidentiary hearing, the court's denial of a motion to appoint counsel at government expense does not amount to a denial of due process." Knaubert v. Goldsmith, 791 F.2d 722, 729 (9th Cir. 1986)

(per curiam) (considering district court's obligation to liberally construe pro se documents and nature of habeas review, where attorney skill in developing evidence is "largely superfluous").

A district court has the discretion to appoint counsel at any stage of the proceedings "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Here, neither discovery nor an evidentiary hearing is warranted. The case can and should be disposed of on legal grounds. Consequently, Petitioner is not entitled to counsel. Additionally, because Petitioner cannot succeed on the merits and because the issues are not unusually complex, the Court declines to exercise its discretion to appoint counsel.

## IV. Certificate of Appealability

### A. Governing Law

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner . . . "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. Lambright, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor. Id.

The COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. Id.

**B. Discussion**

Essentially, Petitioner claims that state law entitles him to have a 1986 judgment set aside and that, as a consequence, he must be resentenced on the 2001 judgment he is now serving. However, neither federal nor state law entitle Petitioner to have a state criminal judgment against him set aside at any time he requests it. Nor is federal habeas relief available for violations of state law. See Nunes, 485 F.3d at 443. Because no federal law supports Petitioner's claims for relief, there is no reason to encourage him to proceed further. A COA should be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

Petitioner's motion for the appointment of counsel (doc. 17) is DENIED.

The Court also enters the following:

## RECOMMENDATION

The Petition (doc. 1) should be DENIED. A certificate of appealability should be DENIED. The District Court should direct the Clerk to enter judgment against Petitioner and in favor of Respondent.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Petitioner must immediately file a "Notice of Change of Address" if his mailing address changes while this action remains pending in this Court.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 4th day of February, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge